UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

INDICTMENT FOR
UNAUTHORIZED SOLICITATION OF ACCESS DEVICES,
TRAFFICKING COUNTERFEIT ACCESS DEVICES,
AND NOTICE OF FORFEITURE



U.S DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED MAR 24 2022
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 22-22-SDD-SDJ |
| *versus* | : | |
| | : | 18 U.S.C. § 1029(a)(6) |
| RICHARD VERRET a/k/a | : | 18 U.S.C. § 1029(a)(1) |
| "Luxury187," "Miami24k," | : | 18 U.S.C. § 982(a)(2) |
| "Faboloso_1," "Cassie Cash," and | : | 18 U.S.C. § 1029(c)(1)(C) |
| "Shawn Whitenack" | : | 21 U.S.C. § 853 |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1. The defendant, **RICHARD VERRET (VERRET)**, a/k/a "Luxury187," "Miami24k," "Faboloso_1," "Cassie Cash," and "Shawn Whitenack," was a resident of Quebec, Canada.

2. **VERRET** operated and controlled several websites, such as the "Lux Giftcards Shop" and "Miami's Gift Card Shop," through which he advertised the sale of gift cards for major restaurant chains, grocery stores, entertainment venues, and other retail business chains (collectively, the "businesses"). Many of the businesses whose gift cards were advertised on **VERRET'S** websites had locations across Louisiana, including within the Middle District of Louisiana.

## COUNTS ONE THROUGH FIVE
### Unauthorized Solicitation of Access Devices

**Introduction**

3. Paragraphs 1 and 2 of this Indictment are incorporated herein by reference as factual allegations.

4. Beginning on a date uncertain, but no later than in or about 2018, and continuing to the present, the defendant would obtain, by fraudulent methods and theft, large quantities of account numbers for valid gift cards that had been issued by the businesses. Once in possession of the account numbers, the defendant could spend the gift card balances or share them with associates, but the defendant's ultimate goal was to unlawfully enrich himself by re-selling the gift card account numbers without the knowledge, consent, or authorization of the businesses or their customers.

**Manner and Means**

5. To accomplish his goals, and to be able to offer and sell access devices, the defendant used the following manner and means, among others:

    a. The defendant would identify known, active account numbers for gift cards issued by the businesses, identify large populations of additional numbers that had been issued by the same retailers, and then determine whether the numbers he had obtained had associated balances that could be used and spent. Because the account numbers could be loaded into mobile applications and scanned at store registers, used for online purchases, and/or re-programmed onto blank access devices, the defendant and others could access the account balances and spend the funds without ever having actual, physical possession of the original, legitimate gift cards.

b. When interacting with the businesses' websites, the defendant would conceal his identity and take other steps to circumvent the websites' security measures.

c. Occasionally, the defendant, using the alias "Lux" or "Miami," would transmit the account numbers to associates for their personal use and enrichment. For example:

    (1) On or about January 30, 2019, **VERRET** transmitted the account numbers and certain account information for eleven (11) Massage Envy gift cards, having an approximate total value of $550, to an associate in Baton Rouge, Louisiana;

    (2) On or about February 20, 2019, **VERRET** transmitted the account numbers and certain account information for eight (8) Massage Envy gift cards, having an approximate total value of $400, to an associate in Baton Rouge; and

    (3) On or about June 27, 2019, **VERRET** transmitted the account numbers and certain account information for fifty-three (53) Landry's Seafood Restaurant gift cards, having a total approximate value of $10,000, to an associate in Baton Rouge.

d. Because the defendant had obtained the account numbers without the knowledge, consent or authorization of the gift cards' issuers or actual owners, he concealed his true identity from individuals who visited his websites and offered the gift cards for sale at steep discounts. For instance, the defendant would offer gift cards to a major gourmet supermarket chain, having a face value of $25 each, for

just $5, and the defendant would offer gift cards to a furniture store, having a face value of $1,000, for $250.

e. At the defendant's websites, upon placing an order, a purchaser would generally receive instructions via e-mail directing him or her to send payment to a PayPal account controlled by the defendant. After sending payment, the purchaser would receive an e-mail containing account numbers for the gift cards that he or she had just purchased.

f. The defendant used various methods to conceal his identity and avoid detection, including cycling through numerous e-mail and PayPal accounts, which he often opened in the names of aliases.

g. **VERRET'S** websites, which were accessible in the Middle District of Louisiana and elsewhere, often advertised that they offered gift cards to hundreds of different businesses and that the sites were adding more gift cards "every week." As of late February 2022, one of the websites offered more than 550,000 gift cards to more than 500 different businesses. The total stored value of all of the fraudulently obtained accounts being offered for sale was more than $22 million.

**Specific Solicitations**

6. On or about each of the dates below, in the Middle District of Louisiana and elsewhere, **RICHARD VERRET**, the defendant herein, without the authorization of the issuers of the access devices described below, knowingly and with intent to defraud, solicited individuals in Baton Rouge, Louisiana and elsewhere with the purpose of offering and selling said access devices, with such conduct affecting interstate and foreign commerce:

| Count | Date | Description |
|---|---|---|
| 1 | July 17, 2019 | **VERRET** advertised, sold, received payment, and distributed the account numbers and certain account information for ten (10) Whataburger gift cards, without authorization from the cards' issuer |
| 2 | August 21, 2019 | **VERRET** advertised, sold, received payment, and distributed the account numbers and certain account information for twenty-five (25) Fresh Market gift cards, without authorization from the cards' issuer |
| 3 | March 14, 2022 (approx. 9:07 a.m.) | **VERRET** advertised, sold, received payment, and distributed the account numbers and certain account information for ten (10) Jimmy John's gift cards, without authorization from the cards' issuer |
| 4 | March 14, 2022 (approx. 9:39 a.m.) | **VERRET** advertised, sold, received payment, and distributed the account numbers and certain account information for ten (10) Hooters gift cards, without authorization from the cards' issuer |
| 5 | March 14, 2022 (approx. 9:53 a.m.) | **VERRET** advertised, sold, received payment, and distributed the account number and certain account information for one (1) Red Wing Shoes gift card, without authorization from the card's issuer |

Each of the above is a violation of Title 18, United States Code, Section 1029(a)(6).

## COUNT SIX
**Trafficking Counterfeit Access Devices**

7. Paragraphs 1 through 6 of this Indictment are incorporated herein by reference as factual allegations.

8. Occasionally, in addition to transmitting gift card account numbers, the defendant would program stolen account information onto blank cards and use or sell the re-encoded cards for his own enrichment. For instance, in June 2019, after obtaining the account information for twenty-five (25) Red Wing Shoes gift cards, having a total approximate value of $2,500, **VERRET** programmed the account information onto a series of blank cards and shipped the cards to another individual, whom he believed would re-sell them, in exchange for a share of the expected sales proceeds.

9. Accordingly, on or about June 21, 2019, in the Middle District of Louisiana and elsewhere, **RICHARD VERRET**, the defendant herein, knowingly and with intent to defraud, trafficked in counterfeit access devices, affecting interstate and foreign commerce, in that the defendant trafficked the devices described above by shipping, sending, and transmitting them to Baton Rouge, Louisiana.

The above is a violation of Title 18, United States Code, Section 1029(a)(1).

## NOTICE OF FORFEITURE

10. Paragraphs 1 through 9 of this Indictment are incorporated herein by reference as factual allegations.

11. Upon conviction of one or more of the offenses alleged in Counts 1 through 6 of the Indictment, **RICHARD VERRET**, the defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any and all property, real and personal, that constitutes or is derived from proceeds the defendant obtained directly or indirectly as a result of the violation, including but not limited to a sum of money equal to the amount of the proceeds of the offense.

12. Upon conviction of one or more of the offenses alleged in Counts 1 through 6 of this Indictment, **VERRET** shall also forfeit to the United States, pursuant to 18 U.S.C. § 1029(c)(1)(C), any and all personal property used or intended to be used to commit the offense.

13. If any of the above-described forfeitable property, because of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, by

*[signature]*

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

*[signature]*

ALAN A. STEVENS
ASSISTANT U.S. ATTORNEY

A TRUE BILL

**REDACTED PER PRIVACY ACT**

GRAND JURY FOREPERSON

3/24/22
DATE

# Criminal Cover Sheet — U.S. District Court

**Place of Offense:**

City: Baton Rouge

County/Parish: East Baton Rouge

DHS Agent Dariush Vollenweider

**Matter to be sealed:** X Yes

**Related Case Information:**

Superseding Indictment _____   Docket Number _____
Same Defendant _____   New Defendant   X
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:**

**Defendant Information:**
Defendant Name   Richard Verret

**U.S. Attorney Information:**
AUSA  Alan A. Stevens     LBN
**Interpreter:** ☐ No ☐ Yes    List language and/or dialect: _____

**Location Status:**

Arrest Date _____
_____ Already in Federal Custody as of
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations:**
Total # of Counts:   6

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18:1029(a)(6) | Unauthorized Solicitation of Access Devices | 1-5 | Felony |
| 18:1029(a)(1) | Trafficking Counterfeit Access Devices | 6 | Felony |

(May be continued on second sheet)

Date: March 24, 2022        Signature of AUSA: _/s/_

District Court Case Number (To be filled in by deputy clerk): _____